# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW MARBLE, individually, and on behalf of others persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY SYSTEMS GROUP, LLC,<br><br>Defendant. | Case No. ___ |

## NOTICE OF REMOVAL

1. Defendant Beauty Systems Group, LLC ("Beauty Systems Group"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, hereby files this Notice of Removal of Case No. 2022-CH-12436, which was pending in the Circuit Court of Cook County, Illinois. As grounds for removal, Beauty Systems Group states as follows[1]:

### PROCEDURAL HISTORY AND BACKGROUND

2. On or about December 27, 2022, Matthew Marble filed a Class Action Complaint in the Circuit Court of Cook County, captioned as *Matthew Marble, individually, and on behalf of all other persons similarly situated v. Beauty Systems Groups, LLC*, Case No. 2022-CH-12436. Beauty Systems Group was served with the summons and a copy of Plaintiff's Complaint on January 3, 2023.

---

[1] Beauty Systems Group reserves all rights, defenses, and objections, including but not limited to defenses and objections relating to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

3. Plaintiff's Complaint asserts a claim for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

4. Beauty Systems Group is the only Defendant in this action.

5. On December 29, 2022, Plaintiff filed a Motion for Class Certification. The Parties have not yet filed or served any other pleadings.

6. Beauty Systems Group has not yet responded to Plaintiff's Complaint. The Parties have not yet filed or served any other pleadings.

7. Copies of "all process, pleadings, and orders served upon ... defendant" in this action are attached hereto. *See* 28 U.S.C. § 1446(a). A copy of Plaintiff's Class Action Complaint is attached as Exhibit 1. A copy of the Summons issued to Beauty Systems Group is attached as Exhibit 2. A copy of the Service of Process Notice is attached as Exhibit 3. A copy of Plaintiff's Motion for Class Certification is attached as Exhibit 4.

## GROUND FOR REMOVAL

**I. Class Action Fairness Act, 28 U.S.C. § 1332(d)**

8. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which grants to the United States District Courts original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and which is a "class action" where there is, among other things, minimal diversity, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

9. The Complaint meets all of the requirements for jurisdiction under CAFA. Plaintiff brings the complaint "individually and on behalf of other persons similarly situated" (Ex. 1 ¶ 1), qualifying it as a class action. *See* 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges facts making the amount in controversy greater than $5,000,000. *See id.* § 1332(d)(2). At least

one member of the proposed class is a citizen of a state different than Beauty Systems Group. *See id.* Beauty Systems Group is the sole defendant, and Beauty Systems Group is not a State, State official, or government entity. *See id.* § 1332(d)(5)(A). And the number of members of the proposed class—defined as "[a]ll individuals whose biometric data Defendant collected or stored in Illinois" (Ex. 1 ¶ 26)—is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

      **A.**      **Amount in Controversy**

10.      To satisfy CAFA's amount in controversy requirement, there only needs to be a "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Defendants face inherent "difficulty ... when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). As a result, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448). "This burden thus 'is a pleading requirement, not a demand for proof.'" *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*

11.      Beauty Systems Group denies the validity and merit of Plaintiff's alleged claims, including the legal theories upon which they are based and any claim for alleged damages or other relief. Beauty Systems Group also maintains that the Complaint fails to define a certifiable class. In acknowledging that Plaintiff's Complaint pleads facts establishing this Court's jurisdiction under CAFA, Beauty Systems Group does not concede that Plaintiff or the putative class are entitled to damages or any relief whatsoever.

12. The Complaint alleges that Beauty Systems Group "required certain employees to scan their fingerprints in order to clock in and out at Defendant jobsites," "recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology," and "associated employees' biometric data with their personal identifying information, such as name and address," all in violation of BIPA. (Ex. 1 ¶¶ 14–16.) Plaintiff also alleges that "*[e]very instance* of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometric[] identifiers and biometric information constitutes a violation of the Act." (*Id.* ¶ 30 (emphasis added).)

13. Plaintiff seeks "statutory damages of $5,000 for *each* willful or reckless violation of the Act," or in the alternative, "$1,000 for *each* negligent violation of the Act." (*Id.* at 9 (emphasis added).) Plaintiff purports to represent a class of "[a]ll individuals whose biometric data Defendant collected or stored in Illinois." (*Id.* ¶ 26.) While Plaintiff does not allege the number of class members, he does allege at least $5,000 in damages per "each ... violation"; that means the amount in controversy exceeds $5,000,000 if there are at least 1,001 instances in which a member of the purported class scanned his or her fingerprint in order to clock in and out at Beauty Systems Group jobsites. The purported class—which allegedly includes *all* individuals in the State of Illinois whose alleged biometric data Beauty Systems Group collected—easily meets that requirement. The Complaint therefore satisfies the amount in controversy requirement under CAFA.

**B.     Diversity of Citizenship**

14. Upon information and belief, Plaintiff is a resident of Illinois.

15. Beauty Systems Group, LLC is a wholly owned subsidiary of Sally Holdings LLC, Sally Holdings LLC is a wholly owned subsidiary of Sally Investment Holdings LLC,

Sally Investment Holdings LLC is a wholly owned subsidiary of Sally Beauty Holdings, Inc., and Sally Beauty Holdings, Inc. is a Delaware corporation with its principal place of business in Texas. Beauty Systems Group is therefore a citizen of Delaware and Texas for purposes of diversity jurisdiction.

16. There is thus minimal diversity of the parties. *See* 28 U.S.C. § 1332(d)(2).

**C. Other Requirements**

17. Beauty Systems Group is a LLC. Beauty Systems Group is not a State, State official, or other government entity. *See* 28 U.S.C. § 1332(d)(5)(A).

18. Because Beauty Systems Group is not a citizen of Illinois, this Court may not decline to exercise jurisdiction under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4)(A)(i)(II)(cc).

19. Plaintiff alleges that the class includes "[a]ll individuals whose biometric data Defendant collected or stored in Illinois." (Ex. 1 ¶ 26.) The proposed class therefore exceeds 100 members as required by CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**NO NEED FOR CONSENT TO REMOVAL**

20. There are no defendants other than Beauty Systems Group, so there are no defendants whose consent is required for removal. *See* 28 U.S.C. § 1446(b)(2)(A).

**TIMELINESS**

21. This Notice of Removal is timely, as it is being filed within 30 days of service of the Complaint on Beauty Systems Group. *See* 28 U.S.C. § 1446(b)(1).

**VENUE FOR REMOVAL**

22. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1). *See* 28 U.S.C. §§ 1441(a), 1446(a).

## NOTICE OF FILING OF REMOVAL

23. Promptly after filing this Notice of Removal, Beauty Systems Group will provide written notice of the removal to Plaintiff through his attorney of record and to the Clerk of the Court of the Circuit Court of Cook County, Illinois. *See* 28 U.S.C. § 1446(d).

## CONCLUSION

24. All requirements for removal jurisdiction and jurisdiction under CAFA have been met. Beauty Systems Group therefore provides notice that this action is removed to this Court for all future proceedings.

Dated: February 2, 2023                                  Respectfully submitted,

*/s/ Kathleen L. Carlson*
Kathleen L. Carlson
Andrew F. Rodheim
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
kathleen.carlson@sidley.com
arodheim@sidley.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2023, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

> */s/ Kathleen L. Carlson*
> Kathleen L. Carlson
> SIDLEY AUSTIN LLP
> One South Dearborn
> Chicago, IL 60603
> (312) 853-7000
> kathleen.carlson@sidley.com
>
> *Counsel for Defendant*